## In re PHIPPS.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2157.

Joseph W. Milburn, of Washington, D. C. (Joseph F. Westall and Ernest L. Wallace, both of Los Angeles, Cal., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal from a decision of the Board of Appeals affirming the decision of the examiner denying all claims—four in number—in appellant's application for a patent for an alleged invention relating to a rotary core barrel and drilling bit for use in drilling wells and for taking samples of the earth's structure during the drilling operation.

Claim I is illustrative, and reads as follows:

"I. A tool of the character described for connection to drill pipe having a body with cutting blades projecting laterally therefrom, said body being swelled outwardly to overhang said blades: there being a neck of reduced diameter formed between said blades and swelled portion of said body, said neck being of a substantial length to form an unobstructed annular cleaning space separating said blades and enlarged portion, there being water courses in said body opening therefrom to deliver water to said space and over said blades, whereby the cuttings from said tool may pass upwardly and clear the tops of said blades and move circumferentially to mix with the wash liquid so as to provide for self-cleaning of the latter."

The claims were rejected upon the fol-

lowing references: Miller, 1,499,024, June 24, 1924; Elliott, 1,493,112, May 6, 1924.

Claims 1, 2, and 3 were rejected on the patent to Miller, while claim 4 was rejected on the patent to Miller in view of the patent to Elliott.

The issue here is limited to that part of the device described in the claims as "a neck of reduced diameter formed between said blades and swelled portion of said body, said neck being of a *substantial length to form an unobstructed annular cleaning space separating said blades and enlarged portion."* (Italics ours.) The subject-matter of the issue was not referred to in appellant's original application. Two years later the specifications were amended and the claim in issue made.

In denying the application of appellant, the Board of Appeals, among other things, said:

"Miller has the neck and 'unobstructed annular cleaning space' and appellant's limitation in the claim to a neck of 'substantial length' is not thought a patentable distinction. Moreover, its purpose appears to be similar to that of appellant and we cannot ignore it whether the patentee contemplated its purpose or not. It is noted that appellant has not designated his neck and space by reference numerals in the drawing and they were not referred to in the specification until the amendment to next to the last line, page 6, was inserted on June 26, 1926.

"Claim 4 was rejected on Miller in view of certain specific features shown in Elliott. Further discussion of this rejection is unnecessary in view of the following statement in appellant's brief:

"Claims 3 or 4 stand or fall with the first two claims. The addition of Elliott of record as a reference is directed to anticipation of features recited in the claim which applicant admits are in themselves insufficient to merit allowance."'

It is contended by counsel for appellant that no reference is made in Miller's specification to an "unobstructed annular cleaning space"; that, while the drawings show a space above the blades, it is not sufficient in length to perform the function of cleaning; and that appellant has disclosed and claimed an unobstructed annular cleaning space of substantial length separating the blades from the "enlarged portion." It is further claimed that, by virtue of the function of this particular feature of appellant's device, new and valuable results are obtained; and that neither the function nor the results were contemplated by Miller.

It is not only obvious from the drawings, but it has been conceded by counsel for appellant, that there is an unobstructed annular space in the Miller disclosure. The precise length of this space is not disclosed in the drawings of Miller, nor is its length disclosed in the drawings or specifications of appellant. We are unable to say that the annular cleaning space shown in the drawings of Miller is not also of substantial length. In any event, we agree with the Board of Appeals that merely increasing the length of an annular cleaning space would not be a patentable invention, even though beneficial results were thus obtained.

It is conceded by counsel for appellant that, if the Miller patent is a proper reference as to claims 1, 2, and 3, claim 4 should be rejected upon the patent to Miller, in view of the patent to Elliott. For this reason we do not give this claim further consideration.

The decision is affirmed.

Affirmed.